## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TC HULETT, JR.,

        *Plaintiff,*

  vs.                                      Case No. 23-1023-EFM

SHANE KRULL, Miami County
Administrator, *et al.*,

        *Defendants.*

---

### MEMORANDUM AND ORDER

Plaintiff TC Hulett, Jr., who is pro se and describes himself as homeless, brings the present action against Miami County Administrator Shane Krull, Sheriff Frank Kelly, and two unnamed deputies, alleging deprivation of his civil liberties during his November 4, 2022 arrest. Defendants have filed a Motion for Judgment on the Pleadings (Doc. 12), arguing that Plaintiff failed to comply with the notice requirements of K.S.A. 12-105(b), failed to allege any personal participation by Krull and Kelly in the challenged actions, and otherwise failed to state a claim.

Plaintiff eventually responded to the motion to dismiss, but only after filing a series of requests to amend his claims. The Court will first address the motions to amend, and then discuss the issues presented by Defendant's Motion for Judgment on the Pleadings.

## I.       Factual and Procedural Background

The present case arises, as near as the Court can determine from Plaintiff's confusing Complaint, from his November 4, 2022 arrest by Miami County Sheriff Deputies.   The Complaint does not state the charge behind the arrest, or explain the circumstances of the arrest in any detail.   In contrast to the conclusory or entirely missing factual allegations, the Complaint provides a lengthy list of alleged violations of Plaintiff's rights, including "Title 42, U.S.C., Section 14141 – Pattern and Practice," "Excessive Force," "The right to be free from racial discrimination," assault and battery, "Racial Profiling," "Police brutality," "Deliberate indifference," "kidnapping," "the Americans with Disabilities Act (ADA)," "Intentional infliction of emotional distress,"  "False imprisonment," "deliberate indifference to arrestee medical need," and "attempted manslaughter."

To the extent some factual specifics are presented in the Complaint, Plaintiff contends that as a result of the arrest, he suffered superficial injuries including bruising, cuts, and scrapes. He believes his wrist was sprained and for a time he had difficulty breathing.   He was arrested and removed from the house without clothes.   Plaintiff complains that it was "freezing cold" during his removal, but also that the deputies drove too fast on the way to the Miami County Medical Center, "running pedestrians and cars off the road," and further that the deputies "illegally put on sirens and emergency flashers."

Plaintiff complains that he was handcuffed for 20 minutes, and that it took an hour before he was X-rayed at the Medical Center.   He states that the nurse "treated me awful," telling him that "I stink and spelled [sic] like pee."   She told him "she's annoyed by me crying and my nose running," and that "I need to wipe my nose and stop crying like a baby."

There is no allegation that the X-rays or other medical tests revealed any broken bones or that Plaintiff suffered any significant or lasting injury.  Plaintiff states, "I don't feel human anymore.  I'm scared.  I'm sad."

Following Defendants' motion, Plaintiff filed three motions to amend his complaint. First, on April 15, 2023, Plaintiff filed a short note stating that he was "suffering from bodily infirmity," was in "bad shape," and had "therapy appointments."  He asked for leave to amend his Complaint under "FRCP 5(a) and (d)"—presumably meaning Fed. R. Civ. P. 15(a) and (d). Plaintiff did not explain the nature of the proposed amendments, attach a copy of the proposed new complaint, or explain how this would address the issues raised by Defendants' motion.

The day after Defendants filed an opposition to the request, Plaintiff filed a renewed pleading.  Although styled a "Motion to amend the complaint," Plaintiff again did not explain the nature of the proposed amendment, attach a copy of the proposed new complaint, or explain how this would address the issues raised by Defendants' motion.  Instead, the motion is essentially one seeking discovery, asking the Court "to use powers to make defendants give names of other deputies involved, and on duty GPS location, body camera and any interaction with [Plaintiff.]"

On May 25, 2023, Plaintiff filed a third motion to amend his Complaint, asking for "an extension of time because was injured and hospitalized November 4th 2022."  Plaintiff states that he wants "more time to fill out forms and enter them to the court I have been communicating with counsel. I plan to schedule a meeting next week."  As before, Plaintiff did not explain the nature of the proposed amendment, attach a copy of the proposed new complaint, or explain how this would address the issues raised by Defendants' motion.

Although Plaintiff's most recent motion to amend states that he has consulted with a lawyer and plans to speak with them "next week," he does not identify the attorney.  Similarly,

his first motion to amend stated that he has "been trying to get representation," but again provides no specifics as far as the names or numbers of attorneys consulted.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed," but "early enough not to delay trial."[1]   The standard for dismissal under Rule 12(c) is the same as a dismissal under Rule 12(b)(6).[2]

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3]   Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[4]   A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5]   The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6]   Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7]   Viewing the complaint in this manner, the court must decide

---

[1] Fed. R. Civ. P. 12(c).

[2] *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678-79.

whether the plaintiff's allegations give rise to more than speculative possibilities.[8] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[9]

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[10]  A pro se litigant is entitled to a liberal construction of his pleadings.[11]  If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements."[12]  However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[13]

Under Federal Rule of Civil Procedure 15(a)(2), a motion to amend requires either "the opposing party's written consent or the court's leave, and generally courts will "freely give leave when justice so requires."[14]  However, motions to amend must comply with the rules of the

---

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570,).

[10] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[11] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

[13] *Id.*

[14] Fed. R. Civ. P. 15(a)(2).

court, and Local Rule 15.1 provides that such requests must include both "a concise statement of the amendment or leave sought," and "attach the proposed pleading or other document."[15]

### III.     Analysis

#### A.     Plaintiff has not shown good cause to amend his complaint.

As noted earlier, Plaintiff has never explained how he would amend his Complaint, or how the proposed amendments might affect the action in light of Defendants' motion to dismiss. As a pro se litigant, Plaintiff might not be expected to comply with or be aware of the standards for such amendment.  However, the present matter is not the only litigation in the District of Kansas filed by Plaintiff.  Plaintiff has also brought an action against the Mayor and City Manager of Paola, Kansas,[16] and an action against the Johnson County Sheriff's Office.[17]  Each of these cases reflects a similar pattern.

In the Johnson County action, instead of a motion to dismiss, issues with the complaint were raised by the Magistrate Judge, who recommended dismissal of the action.  After Plaintiff failed to respond to the Report and Recommendation, Judge Crabtree dismissed the action without prejudice.  He noted that Plaintiff could reopen the case, but observed, "if he does, he'll have to comply with the district court's rules."

Plaintiff subsequently moved to reopen the case,  The court granted the motion, but directed Plaintiff to submit a valid address for communication.  Rather than comply with this

---

[15] D. Kan. R. 15.1(a)(1) & (2).

[16] *Hulett v. Shannon*, No. 23-1026-HLT (D. Kan. Feb. 13, 2023).

[17] *Hulett v. Johnson County Sheriff's Office*, No. 22-0465-DDC (D. Kan. Nov. 2022).

directive, Plaintiff moved to amend the complaint.   The Magistrate Judge denied leave, informing Plaintiff that under D. Kan. Local Rule 15.1:

> [A] party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must: (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document; and (3) comply with the other requirements of D. Kan. Rule 7.1.

The Magistrate Judge also recommended dismissal of the action for failure to comply with the directives of the court.

The Paola action is similar. Shortly after filing the action, Plaintiff moved to amend his complaint for unspecified reasons, and (as in this case) added periodic "Supplements" to his complaint.  The Magistrate Judge denied the request in an Order stating:

> Plaintiff did not comply with the requirements for filing a motion to amend as outlined in D. Kan. Local Rule 15.1.  The Rule states that a party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must: (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document; and (3) comply with the other requirements of D. Kan. Rule 7.1. In his submission to the Court (Doc. 8), Plaintiff has not set forth a concise statement of the amendment he seeks. He failed to attach a draft of the proposed Amended Complaint. Plaintiff is further instructed that he may not file additional "supplements" to his Complaint. Going forward, anything Plaintiff wishes to add or change about his Complaint may only be done through following the procedure to amend the Complaint discussed herein. He is also instructed to review Local Rule 7.

Plaintiff has been given repeated notice of the rules relating to amendment.  Plaintiff's Motions to Amend in the present action do not comply with the requirements of Rule 15.1 and are hereby denied.

**B.      Defendants have shown good cause for dismissal of the action.**

Defendants, as noted earlier, have submitted a Motion for Judgment on the Pleadings. (Doc. 12).  In support of this motion seeking dismissal of the action, Defendants have advanced a

variety of grounds for relief.  To the extent the Complaint advances claims under Kansas law, they argue, the claims are barred by Plaintiff's failure to comply with the notice provisions of K.S.A. 12-105b.  Further, the Complaint fails to identify any particular conduct or personal participation by Defendant's County Administrator Krull or Sherriff Kelly in the alleged deprivations.

With respect to the federal claims advanced in the Complaint, Defendants argue (1) that 42 U.S.C. § 14141[18] provides no private right of action,[19] (2) that the ADA does not authorize actions against individual defendants acting on behalf of state or local governments,[20] and (3) the Defendants are protected by qualified immunity.  Defendants contend the arresting deputies did not violate any constitutional rights of the Plaintiff because he was arrested with  minimum level of force and was quickly delivered to the Medical Center for treatment.  To the extent there was any delay in treatment, it was caused by the Medical Center rather than the deputies.

Qualified immunity applies to protect individual defendants "unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known."[21]  This is a two part test, putting the burden on plaintiffs "to show: (1) that the defendant's actions violated a federal constitutional or statutory

---

[18] Since recodified at 34 U.S.C. § 12601.

[19] The statute authorizes the Attorney General to pursue a civil action against law enforcement officers in certain circumstances.  It does not create a private right of action.  *See Tucker of United Sates Ct. of Appeals for the Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020).

[20] *See* 42 12131(1)(A)-(B); *Rix v. McClure*, 2011 WL 166731, at * 6 (D. Kan. 2011) (holding an individual defendant sued in individual capacity is not a public entity under Title II).

[21] *Lynch v. Bd. of Cnty. Comm'rs of Muskogee Cnty.*, 786 F. App'x 774, 784 (10th Cir. 2019) (quoting *Murrell v. Sch. Dist. No. 1, Denver*, 186 F.3d 1238, 1251 (10th Cir. 1999)).

right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."[22]  The Court is free to address these prongs in any order.[23]

Plaintiff's purely conclusory one-page Response addresses none of these issues.  He does not attempt to shown any compliance with the Kansas notice statute, or articulate how Defendants Krull or Kelly personally participated in the actions of the deputies.  He does not explain why an action against the individual Defendants would lie under § 14141 or under the ADA, and does not mention the defense of qualified immunity or explain why it would be inapplicable here.  Instead, Plaintiff merely states that "[p]rocedural due process MUST be evaluated by using A balancing test," and that he would like "to file an injunction that officials never use excessive force against me ever again."

Plaintiff has failed to meet his burden to show that Defendants are not entitled to qualified immunity, or that his claims are otherwise plausible.

**IT IS ACCORDINGLY ORDERED** this day of May, 2023, that Plaintiff's Motions to Amend (17, 20, 23) are hereby **DENIED**.  Defendants' Motion for Judgment on the Pleadings (Doc. 12) is hereby **GRANTED**.

---

[22] *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016) (further citation and quotations omitted).

[23] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

**IT IS SO ORDERED**.

Dated this 12th day of June, 2023.

This closes the case.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE